## No. 6529.

## EDWARD J. GAY & CO. vs. CRICHLOW & DONELSON ET AL.

Where a creditor, who has bought certain movables from his debtor, by crediting the latter on his account with the price of the movables, instantly resells the property to the debtor, the sale will be valid, as between them, whether, any delivery was made to the creditor, or not.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. Beattie, J.

E. W. Blake and Barrow & Pope, for plaintiffs and appellees.

Clay Knobloch and Goode & Winder, for defendants.

The opinion of the court was delivered by

SPENCER, J. The defendants being indebted to plaintiffs in a large sum, sold, transferred, and delivered to them forty-three head of mules for the price and sum of $7439 21, and on the same day, and it might be said, at the same time and place, the plaintiffs resold to defendants the same mules for the same sum. The plaintiffs paid the price of their purchase by crediting its amount on the debt due them by defendants. When plaintiffs sold the mules back to the defendants, they took a note for the price, specifying the consideration, and had this obligation recorded in the mortgage office. The defendants in selling to plaintiffs made delivery by driving the mules out to a common and there giving plaintiffs possession.

Plaintiffs bring this suit on said obligation, and claim the vender's lien on the mules. The defendants deny " that plaintiffs made any valid sale of mules to them or either of them, or that plaintiffs have any lien or privilege on any mules belonging in whole or in part to either of defendants, and further plead failure of consideration of the note sued on."

There is no doubt that the plaintiffs entered into this transaction for

the purpose of better securing themselves in the debt due by defendants. We see no reason to doubt the *bona fides* of the transaction. True, they bought the mules with the intention of reselling them at once to the defendants and thereby securing themselves by a vendor's privilege. We see nothing illegal or immoral in this transaction. On the contrary, we think it was a legitimate business arrangement. When not illegal or immoral, a contract is a law between the parties. Three things must concur to make a sale—the thing, the price, and consent. As between the parties no delivery is necessary. Third persons alone can take advantage of its absence. We are not called upon therefore to pass upon the question of delivery. As between the parties a counter letter is the only legal evidence of simulation, and parties will not be heard to gainsay their own deliberate contracts, unless they suggest fraud, error, or lesion. There is no merit in the defense set up; there was ample consideration for the note sued upon.

The judgment of the court below is affirmed with costs in both courts.